HOLT *et al.* v. MANIER.

A stayor will be discharged by showing that a prior execution was levied upon property of the principal of value sufficient to satisfy it, and abandoned without his consent; and when the second execution is issued for the benefit of the sureties of the officer, they having paid the judgment, they cannot dispute the truth of their principal's levy by showing that the property was not actually seized under the first levy.

FROM BEDFORD.

Appeal in error from the Circuit Court of Bedford county. W. H. WILLIAMSON, J.

WARDER for Holt and others.

IVIE & MYERS for Manier.

McFARLAND, J., delivered the opinion of the court.

This is a petition by a stayor to have an execution against him brought up to the Circuit Court and quashed, upon the ground that a previous execution had been levied upon property of the principal of a value sufficient to satisfy it. Writs of *certiorari* and *supersedeas* were granted, and the execution brought into the Circuit Court, where a jury was sworn to try the matters in controversy, and a verdict rendered in favor of the plaintiff. A new trial was moved for and refused, and, thereupon, the court gave judgment in favor of the plaintiff and against the defend-

ant for the costs. A bill of exceptions was taken, and an appeal prayed and granted.

Perhaps, in strictness, the appeal should be dismissed and the cause remanded for proper action by the Circuit Court. It was a motion to quash the execution complained of, and upon this motion the court should have acted, and either allowed or refused the motion. While the Judge might have submitted any question of fact to a jury, it was not, as a matter of course, a jury case, 'and their verdict for the plaintiff, without anything showing what question was submitted to them, might, in strictness, be regarded a nullity; and the judgment in favor of the plaintiff for costs, without any action upon the motion to quash the execution, might also, in strictness, be held not a final judgment; but, as the bill of exceptions sets forth the facts, we deem it better to dispose of the merits, especially as the parties have treated the judgment below as final.

It appears that a previous execution on the same judgment came to the hands of D. A. Kimbro, a deputy sheriff, who, on the 1st of October, 1873, endorsed thereon a levy upon three head of one year old bay mules, the property of S. P. Fields, the principal debtor. He failed, however, for more than a year to return the execution, and when he did return it, on the 12th of October, 1874, he added to his return a statement that the property purporting to be levied on was never in his possession, and that he never saw it. Fields gave in the property, and when he came to hunt it up it could not be found.

The sureties of Kimbro were made liable for this default, and paid the judgment, and the present execution was issued by their direction and for their benefit. Kimbro testified to the truth of his amended return.

It is insisted that, as in fact Kimbro did not actually take possession of the property upon which he purported to levy, there was no such levy in law as amounted to a satisfaction as to the stayor. In cases of conflict between opposing levies, the actual seizure of the property is important; but, so far as the officer himself is concerned, he cannot dispute the truth of his own levy. As to him, for reasons of public policy, it will be treated as valid.

This is not denied, but it is insisted that his sureties on his official bond stand in a different attitude. We are of opinion, however, that in a case like the present the sureties can stand upon no higher ground than their principal. The sureties are, by virtue of the statute, Code, sec. 2994, attempting to enforce the original judgment for their own benefit. This they or their principal may do by way of being substituted to the rights of the creditor, whose debt they have satisfied. But if, for any reason, the officer could not have this remedy against a surety or stayor, we do not see that his sureties would stand on any higher ground.

The case of *Draper* v. *McLellan*, 1 Head, is different. In that case it was sought to hold the sureties liable for money collected by their principal, and it was held that it might be shown that the

money was not in fact collected, although the officer's receipt for the money was produced.

We think the petitioner was entitled to have the execution against him quashed, and the judgment will be accordingly in substantial affirmance of the judgment below.